**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**July 16, 2026 10:52**

By: KAMI D. BRAUER 0071030

Confirmation Nbr. 3915721

DARREN DICKSON

vs.

METROHEALTH SYSTEM

CV 26 142773

**Judge:** STEVEN E. GALL

**Pages Filed:** 12



EXHIBIT
B

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| **DARREN DICKSON**<br>471 Catlin Drive<br>Richmond Heights, Ohio 44143,<br><br>*Plaintiff*,<br><br>v.<br><br>**THE METROHEALTH SYSTEM**<br>2500 MetroHealth Drive<br>Cleveland, Ohio 44109,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

**JURISDICTION AND VENUE**

1. This Court, pursuant to 29 U.S.C. §2617(a)(2), has concurrent jurisdiction over Plaintiff's claims asserting violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §2611, *et seq*., and has jurisdiction over Plaintiff's state law claims under Chapter 4112 of the Ohio Revised Code.

2. Venue is proper in this Court under Ohio Rule of Civil Procedure 3(C)(1), (2), and (3), because Defendant resides and has its principal place of business in Cuyahoga County and because Defendant's actions took place in Cuyahoga County, Ohio.

**PARTIES**

3. At all times relevant, Plaintiff Darren Dickson ("Mr. Dickson") resides in Cuyahoga County and was employed by Defendant The MetroHealth System ("MHS").

4. At all times relevant to this Complaint, MHS is a county hospital established and operated under Chapter 339 of the Ohio Revised Code with its principal place of business located at 2500 MetroHealth Drive, Cleveland, Ohio 44109.

## FACTUAL BACKGROUND

5. Mr. Dickson was employed by MHS for over six years, from on or about March 18, 2019, until on or about August 28, 2025. Before his termination, Mr. Dickson worked as MHS's Manager of Facilities Compliance and his office was located at MHS's main campus at 2500 MetroHealth Drive.

6. During his tenure at MHS, Mr. Dickson successfully performed his job duties and responsibilities.

7. In or about March 2024, Brian Kittrick, Assistant Director of Facilities Electrical Operations, became Mr. Dickson's supervisor.

8. On or about September 17, 2024, Mr. Dickson requested intermittent leave under the Family and Medical Leave Act of 1993 ("FMLA") to care for his mother who was suffering from a serious health condition, which MHS approved through on or about March 17, 2025.

9. Mr. Dickson utilized his approved intermittent leave under the FMLA throughout October, November, and December 2024 to care for his mother.

10. In or about December 2024, Mr. Kittrick began treating Mr. Dickson in a hostile manner, including yelling at Mr. Dickson and hanging up on him during a phone call, which Mr. Dickson reported to Karen Dethloff, Vice President of Facilities and Construction. Mr. Dickson also reported Mr. Kittrick's harassment to Human Resources on or about December 17 and 19, 2024. MHS, however, took no action regarding Mr. Dickson's complaints.

11. Mr. Dickson continued to utilize his approved intermittent leave throughout January, February, and March 2025.

12. On or about April 3, 2025, Mr. Dickson sought recertification of his intermittent leave under the FMLA to continue caring for his mother. On or about May 14, 2025, MHS approved Mr. Dickson for intermittent leave through on or about September 18, 2025.

13. Mr. Dickson continued to utilize his approved intermittent leave throughout May and June 2025.

14. Throughout the time Mr. Dickson utilized his FMLA leave, Mr. Kittrick continued to treat Mr. Dickson in a hostile manner.

15. On or about May 20, 2025, Mr. Dickson emailed Human Resources requesting a meeting to discuss Mr. Kittrick's conduct and hostile text messages he had received from Ms. Dethloff. MHS, however, took no action regarding his complaint.

16. On or about June 20, 2025, Mr. Dickson again complained to HR about a hostile interaction between him and Mr. Kittrick that day. Again, MHS took no action regarding his complaint.

17. From on or about July 7, 2025, through July 14, 2025, Mr. Dickson was out of the office on a family vacation.

18. Upon his return to work, on or about July 28, 2025, Mr. Kittrick informed Mr. Dickson that he was required to move his office next to his office. The next day, Mr. Dickson learned that he was required to move his office because Mr. Kittrick wanted to "keep an eye on" his whereabouts.

19. On or about August 4, 2025, Mr. Kittrick demanded that Mr. Dickson begin recording his daily tasks and time spent on each task and to turn in such report on a daily basis.

20. On or about August 11, 2025, Mr. Kittrick advised Mr. Dickson that he was "restructuring" the department and reassigned an employee whom Mr. Dickson supervised to another manager and removed one of Mr. Dickson's primary job responsibilities, which was fire safety and emergency training.

21. On or about August 12, 2025, late in the evening, Mr. Dickson went to his office to pick up his computer charger so that he could work from home. He took his niece and daughter to the MHS facility so that he could provide them a brief tour of where he worked.

22. The next day, on or about August 13, 2025, Mr. Dickson again complained to MHS about Mr. Kittrick's latest actions. That same day, for some unknown reason, Mr. Kittrick began investigating Mr. Dickson's badge swipes. Upon learning that Mr. Dickson had entered the facility the prior evening, Mr. Kittrick reported Mr. Dickson for an alleged policy violation.

23. On or about August 18, 2025, Mr. Kittrick placed Mr. Dickson on administrative leave until further notice.

24. On or about August 28, 2025, MHS terminated Mr. Dickson for allegedly violating policy in connection with bringing family members into the MHS facility, which was not a policy violation.

## COUNTS I and II
## Violations of 29 U.S.C. §2611, *et seq.* – FMLA Interference and Retaliation

25. Mr. Dickson reaffirms and realleges each preceding paragraph of his Complaint as if fully rewritten herein.

26. Mr. Dickson is an "eligible employee" as that term is defined by 29 U.S.C. §2611(2)(A), in that he worked more than 1,250 hours in the 12 months before requesting, and receiving approval for, FMLA leave.

27. Defendant meets the definition of "employer" as that term is defined by 29 U.S.C. §2611(4) because it is a "public agency."

28. Mr. Dickson took leave under the FMLA because his mother suffered from a "serious health condition" as that term is defined in 29 U.S.C. §2611(11).

29. Mr. Dickson was entitled to leave pursuant to 29 U.S.C. §2612(a)(1).

30. Mr. Dickson provided Defendant with notice of his need for leave pursuant to 29 U.S.C. §2612(e).

31. Defendant violated 29 U.S.C. §§2612, 2614, and 2615 by retaliating and terminating Mr. Dickson for utilizing his leave under the FMLA to care for his mother.

32. As a direct and proximate result of Defendant's conduct, Mr. Dickson has suffered and will continue to suffer economic injuries, including but not limited to the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

33. Defendant is also liable to Mr. Dickson for mandatory liquidated damages under the FMLA.

## COUNT III
## Violation of O.R.C. §4112.02(A) – Disability Discrimination by Relationship and/or Association

34. Mr. Dickson reaffirms and realleges each preceding paragraph of his Complaint as if fully rewritten herein.

35. For his state statutory claims under Ohio Revised Code, Chapter 4112, Mr. Dickson has exhausted all available administrative remedies prior to bringing suit. Pursuant to the Work-Sharing Agreement between the U.S. Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC"), Mr. Dickson timely filed a charge of discrimination on August 28, 2025, against MHS with the EEOC (attached as Exhibit A) within three hundred



Electronically Filed 07/16/2026 10:52 / / CV 26 142773 / Confirmation Nbr. 3915721 / CLMB3

days of the conduct alleged in Mr. Dickson's charge, which was also dual filed with the OCRC (see Exhibit B) and thus satisfying the administrative exhaustion requirements set forth in R.C. §4112.052. Pursuant to the claims set forth in his charge and in this Complaint, Mr. Dickson received notice of a Right to Sue from the EEOC (attached as Exhibit C) and timely brought suit against MHS for his claims under Chapter 4112.

36. Defendant is an "employer" as that term is defined in R.C. §4112.01(A)(2).

37. Mr. Dickson was an "employee" as that term is defined in R.C. §4112.01(A)(3).

38. Mr. Dickson was qualified for his position with Defendant.

39. Mr. Dickson successfully performed the duties and responsibilities of his position.

40. Mr. Dickson's mother suffered from severe glaucoma, which limits her major life activities, including but not limited to, seeing and caring for herself and thus suffered from a disability, as that term is defined in R.C. §4112.01(A)(13).

41. Defendant was aware that Mr. Dickson's mother was disabled during his tenure with Defendant and knew that Mr. Dickson was taking time away from work to care for his disabled mother.

42. Defendant discriminated against Mr. Dickson because of his mother's disability with respect to the terms, conditions, and privileges of employment and by terminating his employment. Defendant replaced Mr. Dickson with a person outside of his protected class, treated him differently than other similarly situated employees, and/or was able to retain one or more employees outside of Mr. Dickson's protected class, in violation of R.C. §4112.02(A).

43. The conduct of Defendant was done maliciously and/or intentionally and with reckless disregard for the rights of Mr. Dickson.

44. As a direct and proximate result of Defendant's conduct, Mr. Dickson has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

***WHEREFORE***, Plaintiff Darren Dickson respectfully requests that this Court:

(a) Declare the actions of Defendant as described in Mr. Dickson's Complaint to be unlawful and in violation of his rights under the above cited laws;

(b) Reinstate Mr. Dickson to his former position;

(c) Award Mr. Dickson damages in excess of $25,000.00, including all statutory damages; compensatory damages; back pay; front pay; liquidated damages; all benefits lost; punitive damages; and attorney fees, expenses, and costs of court;

(d) Award Mr. Dickson pre- and post-judgment interest on all monetary awards; and

(e) Award Mr. Dickson all other damages due and owing and any other relief, in law or equity, as the Court deems just which will fully and fairly compensate Mr. Dickson for his injuries and damages.

Respectfully submitted,

*/s/ Kami D. Brauer*

KAMI D. BRAUER (#0071030)
CHRISTINA M. ROYER (#0073695)
Employment Law Partners, LLC
4700 Rockside Road, Ste. 530
Independence, Ohio 44131
(216) 382-2500
kami@employmentlawpartners.com
chris@employmentlawpartners.com

*Counsel for Plaintiff*

**JURY DEMAND**

A trial by jury is hereby demanded against Defendant on all issues that may be so tried.

*/s/ Kami D. Brauer*
KAMI D. BRAUER (#0071030)

*Counsel for Plaintiff*



Electronically Filed 07/16/2026 10:52 / / CV 26 142773 / Confirmation Nbr. 3915721 / CLMB3

EEOC No. 532-2025-04759 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 532-2025-04759 |
| Ohio Civil Rights Commission | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Darren Dickson

Phone No.: (216) 509-8036

Year of Birth: 1965

Mailing Address: 471 Catlin Drive
Richmond Heights, OH 44143

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: METROHEALTH FOUNDATION INC

No. Employees, Members: 201 - 500 Employees

Phone No.: (216) 778-7800

Mailing Address: 2500 METROHEALTH DR
CLEVELAND, OH 44109, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Disability, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 09/17/2024

Latest: 08/18/2025

THE PARTICULARS ARE:

In or around March 2019, I started working for the above-named Respondent as the Facilities Manager. My current position is the Facility Compliance Officer.

On or about September 17, 2024, I started being a caregiver for a family member and due to my association with someone with a qualifying disability the Respondent subjected me to a hostile work environment. The Respondent made it difficult to use the granted accommodation and due to this I had to reschedule needed appointments for the family member, my job became tougher, and the Respondent gave me more responsibilities and duties than I had prior to becoming a caregiver for a family member. On or about August 18, 2025, I was suspended and placed on unpaid administrative leave for entering the building after hours. There are no set hours in my job description due to me being the Facility Compliance Officer. I am the only one that this excuse has been applied to in the past thirty years.

I believe I have been discriminated against due to my association with someone with a qualifying disability, and in retaliation for engaging in a protected activity, in violation of Title I of the Americans with Disabilities Act of 1990, as amended (ADA).



Electronically Filed 07/16/2026 10:52 / / CV 26 142773 / Confirmation Nbr. 3915721 / CLMB3

EXHIBIT A

EEOC No. 532-2025-04759 | FEPA No.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above Is true and correct, and that I have read each page of this form.

8/28/2025

Charging Party Signature & Date

---

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date: 08/28/2025

Signature of Notary__________

Printed Name TANJA OSAP





Electronically Filed 07/16/2026 10:52 / / CV 26 142773 / Confirmation Nbr. 3915721 / CLMB3

# U.S. Equal Employment Opportunity Commission
## Notification & Acknowledgement of Dual-Filed Charge

(This Notice replaces EEOC FORM 212-A)

09/03/2025

EEOC Number: 532-2025-04759
FEPA Number:

This is notice that a charge of employment discrimination, Darren Dickson v. METROHEALTH FOUNDATION INC was initially received by Cleveland Field Office on 08/28/2025 and will be dual-filed with Ohio Civil Rights Commission.

Pursuant to the worksharing agreement, the Cleveland Field Office intends to Investigate Charge.

The Ohio Civil Rights Commission acknowledges receipt of the referenced charge, Darren Dickson v. METROHEALTH FOUNDATION INC, and intends to Defer Investigation.

| | |
|---|---|
| Issued by: | Issued on: |
| Cleveland Field Office | 09/03/2025 |
| Acknowledged by: | Acknowledged on: |
| Ohio Civil Rights Commission | 09/03/2025 |

**EXHIBIT B**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Cleveland Field Office**
1240 E 9th St, Suite 3001
Cleveland, OH 44199
(216) 306-1120
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/09/2025

**To:** Darren Dickson
471 Catlin Drive
Richmond Heights, OH 44143

Charge No: 532-2025-04759

EEOC Representative and email: Legal Unit
(267) 589-9707

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 532-2025-04759.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
09/09/2025

Karen McDonough
Acting Director, Cleveland Field Office



**EXHIBIT C**